# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PAIGE E. CARTLIDGE and )
RONALD T. HOLISKEY, II, )
Individually and as Next Friends and )
Guardians Ad Litem for RONALD )
T. HOLISKEY, III, a minor, )
                       )
          Plaintiffs, )        C.A. NO. N15C-12-162 ALR
                       )
      v. )
                       )
CHRISTIANA CARE HEALTH )
SERVICES, INC., )
                       )
          Defendant. )

## ORDER

***Upon Defendant's Motion in Limine to Preclude Plaintiffs' Non-OB/GYN Experts from Offering Standard of Care Opinions***
**DENIED**

***Upon Defendant's Motion in Limine to Preclude Standard of Care Opinions of Plaintiffs' Expert Harlan R. Giles, M.D.***
**DENIED**

Defendants filed two motions *in limine* to exclude the standard of care opinions rendered by Plaintiffs' Expert Harlan R. Giles, M.D. and Plaintiffs' non-OB/GYN experts, Scott H. Kozin, M.D. and Joshua M. Abzug, M.D. Plaintiffs oppose Defendant's motions. The Court has considered the parties' submissions, Rule 702 of the Delaware Rules of Evidence, the facts, arguments, and legal authorities presented by the parties, and decisional law.

At the trial level, it is the role of the Court to perform a gatekeeping function with expert testimony.[1] The admissibility of expert testimony is governed by Delaware Rule of Evidence 702, which provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[2]

Delaware has adopted the *Daubert* standard to determine whether an expert has a reliable basis in the knowledge and experience of the relevant discipline. Under this standard, the trial judge may consider the following factors: 1) whether the theory or technique has been tested; 2) whether it has been subjected to peer review and publication; 3) whether a technique has a high known or potential rate of error and whether there are standards controlling its operation; and 4) whether the theory or technique enjoys acceptance within a relevant scientific community.[3]

---

[1] *Sturgis v. Bayside Health Ass'n*, 942 A.2d 579, 583 (Del. 2007).
[2] D.R.E. 702.
[3] *Sturgis*, 942 A.2d at 584 (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)).

In addition to the *Daubert* factors, Delaware requires the trial judge to consider an additional five-step test to determine admissibility of expert testimony.[4] The trial judge must determine that:

(1) the witness is qualified as an expert by knowledge, skill, experience, training, or education;
(2) the evidence is relevant;
(3) the expert's opinion is based upon information reasonably relied upon by experts in that particular field;
(4) the expert testimony will assist the trier of fact to understand the evidence or determine a material fact in issue; and
(5) the expert testimony will not create unfair prejudice or confuse or mislead the jury.[5]

The Court is satisfied that Dr. Giles is an expert qualified by knowledge, skill, experience, training, and education. Dr. Giles' opinion is based on information reasonably relied on by experts in the field of obstetrics. Dr. Giles' proposed testimony is relevant and will assist the jury in understanding the evidence and determining a fact in issue. Dr. Giles' testimony will not create unfair prejudice or confuse or mislead the jury. Defendant's concerns regarding Dr. Giles' testimony go to weight and not admissibility, and Defendant can effectively cross-examine Dr. Giles at trial.

With respect to Dr. Kozin and Dr. Azbug, Defendant argues that their expertise is outside the field of obstetrics. However, while not obstetricians, Dr.

---

[4] *Id.*
[5] *Id.*

3

Kozin and Dr. Azbug are pediatric orthopaedists familiar with the diagnosis and treatment of injuries like that at issue in this case. Thus, the Court is similarly satisfied that Dr. Kozin and Dr. Azbug are experts qualified by knowledge, skill, experience, training, and education. The opinions of Dr. Kozin and Dr. Azbug are based on information reasonably relied on by experts in the field of pediatric orthopaedics. Their testimony is relevant and will assist the jury in understanding the evidence and determining a fact in issue. Neither Dr. Kozin's nor Dr. Azbug's testimony will create unfair prejudice or confuse or mislead the jury. Defendant's challenges against Dr. Kozin and Dr. Azbug go to the weight and credibility of their proposed testimony and not to the admissibility. Defendants can effectively cross-examine Dr. Kozin and Dr. Azbug at trial.

**NOW, THEREFORE, this 20th day of September 2017, Defendant's Motion *In Limine* to Preclude Plaintiffs' Non-OB/GYN Experts from Offering Standard of Care Opinions is hereby DENIED; and Defendant's Motion *in Limine* to Preclude Standard of Care Opinions of Plaintiffs' Expert Harlan R. Giles, M.D. is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**

4